UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY V. REMMERT, EVA AL-ZAGHARI,<br><br>  Plaintiffs,<br><br>  v.<br><br>GAVIN NEWSOME, ET. AL.,<br><br>  Defendants. | Case No. 1:23-cv-00050-ADA-HBK<br><br>ORDER DENYING WITHOUT PREJUDICE PLAINTIFF SHIRLEY REMMERT'S MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(Doc. No. 2)<br><br>ORDER DIRECTING PLAINTIFFS TO PAY FILING FEE OR SUBMIT FULLY COMPLETED IFP APPLICATIONS<br><br>30-DAY DEADLINE |

On January 11, 2023, Plaintiffs Shirley V. Remmert (Remmert) and Eva Al-Zaghari, (Al-Zaghari) initiated this action by filing a pro se complaint. (Doc. No. 1, Complaint). Both Plaintiffs Rembert and Al-Zaghari signed the Complaint. (*Id*. at 11-12). Only Plaintiff Remmert filed an application seeking to proceed *in forma pauperis* under 28 U.S.C. § 1915. (Doc. No. 2). Plaintiff Remmert states she receives $1153.73 in social security each month, has $500.00 in a checking or savings account, has no dependents, has no monthly expenses, but owes a "debt or financial obligation" of $1.5 million for a judgment in a case number identified only as "438208."

(*Id*. at 1-2, ¶8).

Except for habeas corpus actions, all parties instituting any civil action, suit or proceeding in a district court of the United States must pay a filing fee of $350.00 and additional administrative fee of $52.00 for a total filing fee of $402.00. *See* 28 U.S.C. § 1914(a), (c). A civil action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Proceeding IFP is "a matter of privilege and not right." *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984) (abrogated on different grounds). While IFP applicants need not be "destitute" a showing of indigence is required. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948). A plaintiff must allege indigence "with some particularity, definiteness and certainty" before IFP can be granted. *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981). Courts are required "to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Temple v. Ellerthorpe,* 586 F.Supp. 848, 850 (D.R.I.1984). In addition, although only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed *in forma pauperis,* each plaintiff must qualify for IFP status. Thus, each named plaintiff must submit separate applications to proceed as a pauper before a court will grant multiple plaintiffs *in forma pauperis* status in one action. *See e.g. Liang v. Kallis*, No. 2:21-cv-0595-JAM-CKD, 2021 WL 1721668, 1 (E.D. Cal. April 30, 2021).

Plaintiff Remmert's application fails to provide a full and accurate picture of her financial status. While Plaintiff states she owes $1.5 million for a judgment, she does not indicate when the judgment was entered, whether she made any payments toward satisfying the judgment, and if so, how much she pays toward the judgment, if anything, each month. Thus, the Court cannot determine is Plaintiff Remmert is indigent within the meaning of the IFP statute. Additionally, Plaintiff Al-Zaghari did not submit an affidavit of indigence so the Court is unable to determine whether she may proceed IFP in this action.

Accordingly, it is **ORDERED**:

1. Plaintiff Remmert's application for leave to proceed *in forma pauperis* (Doc. No. 2) is

DENIED without prejudice.

2. If Plaintiffs Remmert and Al-Zaghari wish to proceed in this action, within **thirty (30) days** from the date on this Order, they must either: (1) pay a single filing fee of $402.00 filing fee; or, (2) if Plaintiffs both wish to proceed *in forma pauperis*, Plaintiff Remmert must resubmit an new IFP application that provides the requisite information as set forth above and Plaintiff Al-Zaghari must submit her own separate fully completed IFP application.

Dated:    January 30, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE