1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                           EASTERN DISTRICT OF CALIFORNIA

10

11    SHIRLEY REMMERT, et al.,                    No.  1:23-cv-00050-ADA-HBK

12                    Plaintiffs,
                                                  **ORDER**
13           v.

14    GAVIN NEWSOM, et al.,

15                    Defendants.

16

17          This matter[1] is before the Court on Plaintiffs, proceeding pro se, Shirley Remmert

18    ("Remmert") and Eva Al-Zaghari's ("Al-Zaghari") (collectively "Plaintiffs") two Motions for

19    Preliminary Injunction, Motion to Change Venue, and Motion to Proceed in Forma Pauperis[2].

20    (ECF Nos. 4, 5, 8, 11.)  Plaintiffs bring this action against Defendants Governor Gavin Newsom,

21    Judge John Grandsaert, the San Mateo County Public Guardian's Office, the San Mateo County

22

23    [1]       In the interests of justice and addressing the heavy civil caseloads in the Fresno
      courthouse, the undersigned resolves only the pending motions, ECF Nos. 4, 5, 8, 11.  Upon
24    resolution of these motions unless or until otherwise ordered by the Court, this action will remain
      as currently assigned and will retain case number 1:23-cv-00050.
25

26    [2]       On January 31, 2023, the Court denied Plaintiffs' initial Application to Proceed in Forma
      Pauperis because Plaintiffs' application did not provide a "full and accurate picture" of their
27    financial situation.  (ECF No. 7.)  The Court ordered Plaintiffs to pay the filing fee or submit a
      fully completed application within thirty days.  (*Id.*)  On February 9, 2023, Al-Zaghari filed an
28    updated application.  (ECF No. 8.)

1  Board of Supervisors, the Davis Guest Home in Stanislaus County, Lonny Davis, and Rex

2  Adamson, MD (collectively, "Defendants"), who have not responded to Plaintiffs' pending

3  motions.  (ECF No. 9 at 3.)

4     For the reasons set forth below, the Court DENIES Plaintiffs' motions.

5  **I.     FACTUAL AND PROCEDURAL BACKGROUND**

6        A.     Allegations in Plaintiffs' First Amended Complaint

7     Plaintiffs' First Amended Complaint ("FAC"), filed on February 15, 2023 (ECF No. 9), is

8  the operative complaint.   Plaintiffs allege the following federal causes of action: (1) violation of

9  the Racketeer Influenced and Corrupt Organization Act; (2) a civil rights violation under 42

10  U.S.C. § 1983; (3) violation of the Americans with Disabilities Act; and (4) violation of False

11  Claims Act.   (ECF No. 9 at 3).

12     Plaintiff Eva Al-Zaghari is the daughter of Plaintiff Shirley V. Remmert.  (*Id*.)  In their

13  FAC, Plaintiffs allege Al-Zaghari is being "falsely imprisoned and tortured by drugs in a State of

14  California conservatorship."  (*Id*. at 4.)  Plaintiffs further allege they are the victims of various

15  conspiracies and incidents spanning decades.  (*Id*. at 5–8.)  The alleged conspiracies and incidents

16  include the "fraudulent[]" diagnosis of Remmert's mother with schizophrenia in 1976 and

17  subsequent conservatorship of Remmert's mother in 2004 (*Id*.), a home invasion in 1990 (*Id*.), a

18  family member's actions to "takeover" Plaintiffs' family properties (*Id*. at 7–8), and restraining

19  orders and a criminal charge (ECF No. 1 at 16–17).

20     Through this action, Plaintiffs seek a copy of the sealed probate file from 1990–1995

21  regarding Al-Zaghari's conservatorship, Al-Zaghari's "release from the conservatorship," or in

22  the alternative, that Al-Zaghari reside with Remmert in "a county-owned building offering in-

23  house mental health services" in San Mateo County.  (ECF No. 9 at 9–10.)

24        B.     Plaintiffs' Prior Litigation History

25     Plaintiffs are listed on the California Vexatious Litigant List.  *See* Vexatious Litigant List,

26  available at http://www.courts.ca.gov/documents/vexlit.pdf.  Former Chief Judge Marilyn Patel of

27  the Northern District of California also declared Plaintiff Remmert a vexatious litigant.  *See e.g.,*

28  *Remmert v. Stauffer*, No. 19-CV-05803-HSG, 2019 WL 5963242, at *2 (N.D. Cal. Nov. 13,

2019).  The actions Plaintiffs filed in the Northern District of California mirror the allegations in the FAC.  S*ee Al-Zaghari, et al. v. Al-Zaghari, et al.*, Case No. C 01-2870 MHP, Dkt. No. 8 (Order, Aug. 15, 2001); *Remmert v. San Mateo Cty. Sup. Ct., et al.*, Case No. C 07-80085 WHA, Dkt. No. 1 (Order, Apr. 4, 2007); *Remmert v. United States*, 670 Fed Appx. 584 (9th Cir. 2016) (affirming the district court's order denying Remmert's leave to file complaint pursuant to the vexatious litigant order); *Remmert v. United States*, No. 22-MC-80103-JSC, 2022 WL 1304473, at *1 (N.D. Cal. May 2, 2022), appeal dismissed, No. 22-15897, 2022 WL 17586549 (9th Cir. Oct. 19, 2022).

## II.    LEGAL STANDARD

"Federal courts are courts of limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at any time by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court."  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988).  A federal court has subject matter jurisdiction of a case when it raises a federal question, or when diversity jurisdiction exists.  *See* 28 U.S.C. §§ 1331, 1332(a); *see also Home Depot USA. v. Jackson,* 139 S. Ct. 1743, 1746 (2019).  Federal question jurisdiction "affords parties a forum in which to vindicate federal rights."  *Id*. (internal citations omitted).

When a plaintiff seeks to proceed in forma pauperis, the Court is required to review the complaint and shall dismiss the case at any time if the Court determines the action or appeal is "frivolous, malicious or fails to state a claim on which relief may be granted."  28 U.S.C. 1915(e)(2).  Courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (citations and internal quotations omitted); *Hagans v. Lavine*, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); *Franklin v. State of Or., State Welfare Div.*, 662 F.2d 1337, 1343 (9th Cir. 1981) (court may dismiss a frivolous complaint for lack

of subject matter jurisdiction before service of process).  A complaint is frivolous when it is based on an indisputably meritless legal theory, or it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se pleadings are held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 521-21 (1972).  If the court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, "[w]hen a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."  *Lopez*, 203 F.3d at 1127 n. 8.

**III.    Analysis**

Having screened the FAC, the Court finds it lacks subject matter jurisdiction over this action.  Even liberally construed and taking all allegations in the FAC as true, Plaintiffs fail to allege facts sufficient to establish subject matter jurisdiction.

First, even though Plaintiffs list four federal causes of action, they do not identify how the allegations purport to violate the rights protected under the statutes cited.  Presumably, Plaintiffs seek to file a civil RICO claim, but do not identify facts or elements sufficient to allege a violation under the act.  (*See* ECF No. 9.)  Moreover, Plaintiffs do not identify what type of activity prohibited by RICO Defendants allegedly participated in.[3]  With regard to Plaintiffs claims under 42 U.S.C. § 1983, Plaintiffs do not identify any constitutional violations against them.  Plaintiffs also do not identify in the FAC, what allegations, if any, constitute violations of the Americans with Disabilities Act, or the False Claims Act.  Overall, Plaintiffs' FAC, while asserting a long list of disturbing and saddening allegations, does not clearly state what federal rights, if any, are at issue in this action.  In addition, Plaintiffs do not assert diversity jurisdiction,

---

[3]       RICO outlaws, generally, four types of activities: 18 U.S.C. § 1962(a) prohibits a person from investing in an enterprise any income derived from a pattern of racketeering activity; 18 U.S.C. § 1962(b) prohibits a person from using a pattern of racketeering activity to acquire or maintain control over an enterprise; 18 U.S.C. § 1962(c) prohibits a person from conducting the affairs of an enterprise through a pattern of racketeering; and 18 U.S.C. § 1962(d) prohibits a person from conspiring to violate §§ 1962(a), (b), or (c).  18 U.S.C. §§ 1962(a)-(d).

as they do not plead facts related to Defendants' citizenship or monetary damages. Thus, there is no basis upon which the Court establish subject matter jurisdiction over this action.

Second, Plaintiffs' allegations are frivolous.  Plaintiffs essentially allege that Al-Zaghari's conservatorship was the culmination of a decades-long conspiracy by various unrelated individuals.  (*See generally* ECF No. 9.)    Plaintiffs allege that Al-Zaghari was "kidnapped" from her home, given a diagnosis of schizophrenia, and subsequently placed in a fraudulent conservatorship.  (*Id.*)  However, Plaintiffs allegations are pure speculation and are not related to the alleged federal causes of action.  Thus, Plaintiffs' allegations in the FAC do not construe jurisdiction upon this Court.  *See e.g. Cain v. Obama*, No. CV 14-5735-DMG E, 2014 WL 3866062, at *2 (C.D. Cal. Aug. 6, 2014) (dismissing action for lack of jurisdiction because plaintiff's allegations were "frivolous, delusional and fanciful" where plaintiff alleged that various federal agencies implanted medical devices into the bodies of plaintiff and his two minor children, sought to control them through "radiofrequency devices," allegedly making plaintiff mentally ill, and surveilled plaintiff using military aircrafts and emergency vehicles); *Sandoval v. Tear*, No. 09CV2450-WQH-RBB, 2009 WL 3754402, at *2 (S.D. Cal. Nov. 5, 2009) (dismissing a pro se plaintiff's "rambling, often-fantastical allegations" as frivolous where plaintiff alleged, over 9 pages, that defendant and unidentified others, forced teenagers to take ecstasy in order to commit other offenses."); *Hickman v. Harper Med. Grp., Inc.*, No. CIV S-06-1554GEBGGHP, 2008 WL 927713, at *3 (E.D. Cal. Apr. 4, 2008), *report and recommendation adopted*, No. 206CV1554GEBGGHP, 2008 WL 1990468 (E.D. Cal. May 7, 2008) (dismissing pro se plaintiff's second amended complaint as "patently frivolous.  The allegations did not "come[] close to framing a colorable" constitutional violation.).

Furthermore, Plaintiffs' allegations in the instant complaint mirror those for which Remmert has been declared a vexatious litigant in the Northern District of California by former Chief Judge Marilyn Patel.  *See e.g. Remmert v. Stauffer*, No. 19-CV-05803-HSG, 2019 WL 5963242, at *2 (N.D. Cal. Nov. 13, 2019).  The order bars Remmert from filing any complaints, pleadings, or other papers without a prefiling order of the court regarding *inter alia* Al-Zaghari's conservatorship, the restraining order barring Remmert from contacting Al-Zaghari, or the state

1    court proceedings related to these issues.  *Id.;* s*ee also, Al-Zaghari, et al. v. Al-Zaghari, et al.*,

2    Case No. C 01-2870 MHP, Dkt. No. 8 (Order, Aug. 15, 2001); *Remmert v. San Mateo Cty. Sup.*

3    *Ct., et al.*, Case No. C 07-80085 WHA, Dkt. No. 1 (Order, Apr. 4, 2007); *Remmert v. United*

4    *States*, 670 Fed Appx. 584 (9th Cir. 2016) (affirming the district court's order denying plaintiff

5    leave to file complaint pursuant to vexatious litigant order).  Based on the vexatious litigant order,

6    the Northern District of California dismissed multiple different complaints filed by Remmert

7    alleging similar conspiracies to those alleged in the FAC before this Court.  Specifically, in May

8    2022, the Northern District of California dismissed Remmert's complaint seeking to plead Civil

9    RICO and 42 U.S.C § 1983 claims and alleging conspiracies against Remmert and Al-Zaghari for

10   falling "squarely within Judge Patel's 2011 vexatious litigant order." *Remmert v. United States*,

11   No. 22-MC-80103-JSC, 2022 WL 1304473, at *1 (N.D. Cal. May 2, 2022), appeal dismissed, No.

12   22-15897, 2022 WL 17586549 (9th Cir. Oct. 19, 2022).

13          Accordingly, the Court DISMISSES this action for lack of subject matter jurisdiction and

14   Plaintiffs' pending motions are DENIED as moot.  *See Turner v. Brown*, No.

15   118CV01574DADGSA, 2019 WL 10303566, at *1 (E.D. Cal. Aug. 30, 2019) (denying motion

16   for preliminary injunction as moot following the dismissal of the complaint).  In addition, because

17   Plaintiffs' claims in the FAC are frivolous, dismissal without leave to amend is appropriate. *See*

18   *Lopez*, 203 F.3d at 1127 n. 8 ("When a case may be classified as frivolous or malicious, there is,

19   by definition, no merit to the underlying action and so no reason to grant leave to amend.").

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1    **IV.    CONCLUSION**

2          For the reasons set forth above, the Court hereby ORDERS that:

3          1.   Plaintiffs' First Amended Complaint (ECF No. 9) is DISMISSED without leave to

4               amend;

5          2.   Plaintiffs' Motion for a Preliminary Injunction (ECF Nos. 4, 5) is DENIED;

6          3.   Plaintiffs' Motion for Change of Venue (ECF No. 11) is DENIED;

7          4.   Plaintiffs' Application to Proceed in Forma Pauperis (ECF No. 8) is DENIED; and

8          5.   The Clerk of the Court is directed to close this case.

9          IT IS SO ORDERED.

10   Date:  December 7, 2023

11

12

13

14                                      Troy L. Nunley
                                        United States District Judge
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                             7